UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

BRETT LABLUE

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, BRETT LABLUE ("LABLUE"), by and through his undersigned counsel, hereby sues LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. LABLUE brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. LABLUE was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA,

is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to LABLUE by LINA.

6. LABLUE was at all times material an employee of Lowe's Companies, Inc. ("LOWE'S")

7. LABLUE was at all times material a plan participant under the Lowe's long-term Disability Plan, Group Policy No. VDT-0980095 (the "LTD Plan") which is established by LOWE'S and pursuant to which LABLUE is entitled to benefits.

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the LTD Plan and was appointed by LOWE'S, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payor of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, LABLUE is entitled to LTD benefits for the duration of his disability, for so long as he remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:

1. Unable to perform the material duties of his or her regular occupation; and
2. Unable to earn 80% or more of his or her indexed earnings from working in his or her regular occupation

After disability benefits have been payable for 24 months, the employee is considered disabled if, solely due to injury or sickness, he or she is:

1. Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified for based on education, training, or experience; and
2. Unable to earn 60% or more of his or her indexed earnings.

13. Since approximately November 3, 2013, LABLUE has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, LABLUE made a claim to LINA under the LTD Plan for disability benefits which LINA denied.

15. LINA, in a letter dated September 5, 2014, denied LABLUE' claim contending LABLUE was not disabled.

16. LABLUE properly appealed LINA'S adverse determination.

17. By letter dated May 6, 2015, LINA affirmed its adverse determination and advised LABLUE that she could submit a second appeal.

18. LABLUE properly appealed LINA'S adverse determination.

19. By letter dated May 9, 2016, LINA upheld its adverse determination and advised LABLUE that he has the right to bring legal action and that he had exhausted all administrative levels of appeal and no further appeals will be considered.

20. At all relevant times, LABLUE complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

21. At all times material, LABLUE has been unable to perform the material duties of his regular occupation.

22. At all times material, LABLUE has been unable to perform the material duties of any occupation for which he is, or may reasonably become, qualified for based on education, training, or experience.

23. At all times material, LABLUE has been unable to earn 60% or more of his indexed earnings as defined in the LTD Plan.

24. At all relevant times, LABLUE has been receiving appropriate care.

25. At all relevant times, LABLUE was a Covered Person under the LTD Plan.

26. From September 5, 2014 to the present date, LABLUE has not received benefits owed to him under the LTD Plan, despite LABLUE'S right to these benefits.

27. LINA has refused to pay LABLUE'S LTD benefits since September 5, 2015.

28. At all relevant times, LINA was the payor of benefits.

29. At all relevant times, LINA was the "Insurance Company" identified throughout the LTD Plan.

30. At all relevant times, LINA was appointed by LOWE'S, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

31. At all relevant times, LABLUE has been and remains Disabled and entitled to LTD benefits from LINA under the terms of the LTD Plan.

32. LABLUE has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

33. LABLUE incorporates Paragraphs 1 through 32 as if fully set forth herein.

34. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

35. Pursuant to 29 U.S.C. §1132(a)(1)(B), LABLUE, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

36. LABLUE has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of LINA'S failure to pay him disability benefits.

37. LABLUE has exhausted all administrative remedies under the LTD Plan.

38. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to LABLUE at a time when LINA knew, or should have known, that LABLUE was entitled to those benefits under the terms of the LTD Plan, as LABLUE was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of LABLUE'S claim for LTD benefits;

    (c) After LABLUE'S claim was terminated in whole or in part, LINA failed to adequately describe to LABLUE any additional material or information necessary for LABLUE to perfect his claim along with an explanation of why such material is or was necessary.

    (d) LINA failed to properly and adequately investigate the merits of LABLUE'S disability claim and failed to provide a full and fair review of LABLUE'S claim.

39. LABLUE believes and thereon alleges that LINA wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which LABLUE is presently unaware, but which may be discovered in this future litigation and which LABLUE will immediately make LINA aware of once said acts or omissions are discovered by LABLUE.

40. Following the termination of benefits under the LTD Plan, LABLUE exhausted all administrative remedies required under ERISA, and LABLUE has performed all duties and obligations on his part to be performed under the LTD Plan.

41. As a proximate result of the aforementioned wrongful conduct of LINA, LABLUE has damages for loss of disability benefits in a total sum to be shown at the time of trial.

42. As a further direct and proximate result of this improper determination regarding LABLUE'S claim for benefits, LABLUE, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), LABLUE is entitled to have such fees and costs paid by LINA.

43. The wrongful conduct of LINA has created uncertainty where none should exist, therefore, LABLUE is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, BRETT LABLUE prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: January 24, 2017

        ATTORNEYS DELL AND SCHAEFER, CHARTERED
        Attorneys for Plaintiff
        2404 Hollywood Boulevard
        Hollywood, FL 33020
        Phone: (954) 620-8300
        Fax: (954) 922-6864

        __/s/ *Victor Peña*
        VICTOR PEÑA, ESQUIRE
        Florida Bar No.: 0108094
        Email: victor@diattorney.com
        GREGORY MICHAEL DELL, ESQUIRE
        Florida Bar No.: 299560
        Email: gdell@diattorney.com